**Case No. 24-4050**

---

IN THE UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT
_____

DEMOND MOORE
Plaintiff-Appellant,

v.

NEXT GENERATION HOSPITALITY LLC
Defendant-Appellee.
_____

On Appeal From The United States District Court for the Southern District of Ohio
Case No. 1:22-cv-00548, Judge Michael R. Barrett

---

**CORRECTED BRIEF OF APPELLANT DEMOND MOORE**

---

*/s/ Trisha M. Breedlove_____*
Trisha Breedlove (0095852)
**THE SPITZ LAW FIRM, LLC**
1103 Schrock Road, Suite 307
Columbus, Ohio 43229
Phone: (614) 556-4811
Fax: (216) 291-5744
trisha.breedlove@spitzlawfirm.com

*Attorney for Appellant Demond Moore*

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

DEMOND MOORE
Plaintiff-Appellant,

v.

NEXT GENERATION HOSPITALITY LLC
Defendant-Appellee.
_____

On Appeal From The United States District Court for the Southern District of Ohio
Case No. 1:22-cv-00548, Judge Michael R. Barrett

## DISCLOSURE OF CORPORATE AFFILIATIONS AND FINANCIAL
## INTEREST

Pursuant to 6th Cir.R. 26.1, Appellant makes the following disclosure:

1. Are said parties a subsidiary or affiliate of a publicly owned corporation? **NO.**

2. Is there a publicly owned corporation, not a party to the appeal that has a financial interest in the outcome? **NO.**

Date: April 11, 2025                          /s/ Trisha M. Breedlove_____
                                              Trisha Breedlove (0095852)

ii

# TABLE OF CONTENTS

**TABLE OF AUTHORITIES** ..................................................................................v

**STATEMENT IN SUPPORT OF ORAL ARGUMENT** ................................ vii

**STATEMENT OF JURISDICTION**...................................................................1

**STATEMENT OF ISSUES** ................................................................................1

**STATEMENT OF THE CASE**..........................................................................2

  A. Procedural Facts ...........................................................................................2

  B. Moore's Duties and Performance at Kings Inn ..............................................3

  C. Moore's Accommodation Is Rescinded ..........................................................4

  D. Kings Inn Issues A Second Write-Up To Moore……………………………..5

  E. Less Than Two Weeks After Moore Submits A Reasonable Accommodation Request, Kings Inn Terminates Moore……………………………………...7

**SUMMARY OF ARGUMENT** ..........................................................................7

**ARGUMENT** .....................................................................................................9

**STANDARD OF REVIEW** ...............................................................................9

  I. THE DISTRICT COURT ERRED IN GRANTING SUMMARY JUDGMENT AS TO MOORE'S DISABILITY DISCRIMINATION CLAIMS..................................................................................................10

  II. THE DISTRICT COURT ERRED IN GRANTING SUMMARY JUDGMENT AS TO MOORE'S FAILURE TO ACCOMMODATE CLAIMS..................................................................................................11

  III. THE DISTRICT COURT ERRED IN GRANTING SUMMARY JUDGMENT AS TO MOORE'S RETALIATION CLAIMS………………………………………………………………13

**CONCLUSION**................................................................................................14

**CERTIFICATE OF COMPLIANCE** ....................................................**15**

**CERTIFICATE OF SERVICE** ..........................................................**15**

**ADDENDUM: DESIGNATION OF DOCUMENTS** ...........................................**16**

## <u>TABLE OF AUTHORITIES</u>

**Case List**

*Alleva v. Crown Linen Service, Inc.*, No. 3:14-CV-1971 (MPS), 2016 WL 4717758

*5 (D. Conn. Sep. 8, 2016)……………………………………………………12

*Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986)…………………………9

*Dews v. A.B. Dick Co.*, 231 F.3d 1016 (6th Cir. 2000) ……………………………..9

*Hall v. Spencer County, Ky.*, 583 F.3d 930, 933 (6th Cir. 2009)……..…………...9

*Hostettler v. College of Wooster*, 895 F.3d 844, 852 (6th Cir. 2018)…………..….8

*McDonald v. UAW-GM Center for Human Resources*, 738 Fed.Appx. 848, 855 (6th

Cir. 2018)……………………………………………...……………………...8, 13

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587–88

(1986)…………………………………………………………………………10

*Merriweather v. Zamora*, 569 F.3d 307, 313 (6th Cir. 2009)………………………9

**Statutes**

29 C.F.R. § 1630.2(j)(1)(i)……………………………………..……..12

Fed.R.Civ.P. 56(c)........................................................................7

42 U.S.C. § 12102(4)(A)……………………………………….……..11

## **STATEMENT IN SUPPORT OF ORAL ARGUMENT**

Appellant requests an oral argument in this matter. The issues presented can be more fully explored if the parties are allowed the opportunity to present an oral argument to supplement this Brief.

## STATEMENT OF JURISDICTION

The district court has subject matter jurisdiction pursuant to 28 U.S.C. 1332. On September 20, 2022, Appellant, Demond Moore filed his First Amended Complaint, RE 3, Page ID ## 93-109, against Appellee Next Generation Hospitality LLC d/b/a King's Inn and Suites ("Kings Inn"). On March 14, 2024, Appellee filed a Motion for Summary Judgment, RE 11, Page ID ## 247–265. Appellant filed a Memorandum in Opposition to Defendant's Motion for Summary Judgment, 12, Page ID ## 266-281. Appellees filed a Reply to Plaintiff's Memorandum in Opposition to Defendant's Motion for Summary Judgment, RE 14, Page ID ## 300-310. The district court granted the Appellant's Motion for Summary Judgment on November 5, 2024 as a final appealable order, Opinion and Order Granting Summary Judgment, RE 15, Page ID ## 311-328. Moore timely appealed on November 5, 2024. Notice of Appeal, RE 20, Page ID # 347. Appellees did not file a cross-appeal. This Court has jurisdiction pursuant to 28 U.S.C. 1291 over this appeal.

## STATEMENT OF ISSUES

1. Did the district court err in finding that Moore failed to establish a claim of disability discrimination through direct evidence?

2. Did the district court err in finding that Moore failed to establish that he was disabled?

1

3. Did the district court err in finding that Moore failed to engage in protected activity?

## STATEMENT OF THE CASE

### A. Procedural Facts

Appellant, Demond Moore, filed his First Amended Complaint, RE 3, Page ID ## 93-109, against Appellee, Next Generation Hospitality LLC d/b/a King's Inn, on September 20, 2022.  The First Amended Complaint included claims of disability discrimination in violation of the ADA and R.C. § 4112, failure to accommodate under the ADA and R.C. § 4112, and retaliation in violation of the ADA and R.C. § 4112.

Appellee filed a Motion for Summary Judgment, RE 11, Page ID ## 247–265, on the pleadings on March 14, 2024.  Moore filed a Memorandum in Opposition to Defendant's Motion for Summary Judgment, RE 12, Page ID ## 266-281 on April 5, 2024.  The district court granted Appellee's Motion for Summary Judgment on all counts, RE 15, Opinion and Order Granting Summary Judgment, Page ID #311-328.

On Counts VII & VIII, the district court found that Moore failed to meet his burden to establish a prime facie case of disability discrimination, and that the direct evidence method did not apply.  RE 39, Opinion and Order Granting Summary Judgment, Page ID #797-807.  On Counts IX & X, the district court found that

Moore failed to meet the threshold burden of showing that he was disabled, and therefore could not sustain his claims of failure to accommodate.  On Count XI, the district court found that Moore failed to show that he engaged in protected activity.  RE 39, Opinion and Order Granting Summary Judgment, Page ID #797-807.  Moore disagrees with dismissal of these claims.

Moore timely filed a Notice of Appeal to the U.S. Court of Appeals for the Sixth Circuit on November 5, 2024, Notice of Appeal, RE 20, Page ID # 347.

### B.  Moore's Duties and Performance at Kings Inn.

Kings Inn & Suites hired Moore on October 1, 2020.  RE 10-1, Deposition of Demond Moore, Page ID #140-171.  Moore suffers from scoliosis and rheumatoid arthritis. RE 10-1, Page ID #158.  Moore previously worked with General Manager Nikki Williams at another hotel and she was aware of his back issues.  RE 10-1, Page ID #153-154.  Williams assured Moore that his back issues would not be a problem, and that he would not need to change bedding and clean rooms.  RE 10-1, Page ID #153-154.  Initially, Moore was not assigned to these tasks due to his disability, and Owner/General Manager Gaganpreet Kaur testified that Moore's "work ethic was great."  RE 10-2, Deposition of Gaganpreet Kaur, Page ID #172-206.  There is no dispute that Moore performed well in his role prior to February 2021.  RE 10-2, Page ID #102.

### C. Moore's Accommodation Is Rescinded.

In February 2021, Moore's job duties changed and his accommodation was rescinded, and Defendant assigned Moore to clean up to fourteen rooms per day, including changing the bedding, cleaning the bathrooms and showers, and vacuuming each room. RE 10-1, Page ID #159. As a result, Moore began to experience symptoms of his disabilities in his back. RE 10-1, Page ID #165. Accordingly, Moore informed Defendant's General Manager Nikki Williams of his condition and requested that his accommodation be reinstated. RE 10-1, Page ID #161-162. Specifically, due to his back condition Moore was unable to change bedding or similar duties which required prolonged bending, and Moore requested assistance from other housekeepers to perform this task. RE 10-1, Page ID #161-162. Other housekeepers were available to assist Moore, who was in a supervisory role as Housekeeping Manager at that time. RE 10-1, Page ID #161-162. Williams responded "just do the best you can." RE 10-1, Page ID #165.

On February 8, 2021, Moore was written up for allegedly failing to complete the tasks that were assigned to him that day. RE 10-4, February 8, 2021 Statement by Gini Kaur, Page ID #208. Specifically, in the write up, Kaur alleged that Moore "only stripped 3-4 rooms out the 10 rooms he was given. Did not make any beds per the

instructions he was given." RE 10-4, February 8, 2021 Statement by Gini Kaur, Page
ID #208.  Moore was unable to complete these tasks due to his back condition:

> Q. So when you were asked to make beds, did you refuse those orders?
>
> A. No, I didn't refuse. I went ahead, and I started, and I – and I couldn't
> – I couldn't – I couldn't complete it. I couldn't do it.

RE 10-1, Page ID #155.  Nevertheless, Defendant issued Moore a written warning for
purportedly failing to complete his job duties.  RE 10-6, February 9, 2021 Employee
Discipline Form, Page ID #210.

### D. Kings Inn Issues A Second Write-Up To Moore.

On March 10, 2021, Moore received a second write up, again for allegedly
failing to complete his tasks.  RE 10-7, March 10, 2021 Employee Write Up, Page ID
#212-213.  However, the same tasks Moore was not "completing" were the tasks the
Moore specifically was requesting an accommodation for – stripping bedding and
similar cleaning tasks.  RE 10-1, Page ID #160.  Specifically, Moore was reprimanded
for getting assistance from another employee to complete some tasks which conflicted
with his disability.  RE 10-7, March 10, 2021 Employee Write Up, Page ID #212-
213.

Subsequent to receiving the second write-up due to his disability, on March
13, 2021, Moore went to go see his chiropractor to treat his disability.  RE 10-8,

5

March 13, 2021 Authorization For Light Duty, Page ID #214.  Moore was provided

with an authorization for light duty, which stated that Moore could not lift more than

thirty (30) pounds or engage in prolonged bending from March 13, 2021 to March

18, 2021.  RE 10-8, Page ID #214.  Moore provided this authorization to Williams

and Kaur on or about March 14, 2021.  RE 10-2, Page ID #102.  Moreover, Kaur

testified that Defendant could have provided Moore with modified light duty work:

> Q. Were there any issues with providing the light duty request that he
> made in terms of staffing?
>
> A. No.

RE 10-2, Page ID #102.  Nonetheless, Defendant did not want to accommodate

Moore because he was allegedly "killing productivity" by getting assistance for

some tasks he could not complete.  RE 10-7, Page ID #212-213.  Unsurprisingly, the

day after Moore provided Defendant with his light duty form, on or about March 15,

2021, Kaur placed a statement in Moore's personnel file which stated that "Moore

has been creating a hostile environment" and he "left his shift without completing

the tasks he has been assigned for the day."  RE 10-7, Page ID #212-213.

Moreover, Moore testified that he complained to Kaur about Defendant's

failure to accommodate his disability.  RE 10-1, Page ID #161-162.  Likewise, Kaur

6

testified that Moore complained regarding his inability to perform his job duties without an accommodation.  RE 10-2, Page ID #102.

### E.  Less Than Two Weeks After Moore Submits A Reasonable Accommodation Request, Kings Inn Terminates Moore.

*Two weeks after* Moore submitted his light duty authorization, on March 26, 2021, Defendant terminated Moore while he remained on light duty status.  RE 10-11, Nikki Williams Statement, Page ID #217-218.  Indeed, Williams's statement acknowledges that Moore was assigned light duty that day. RE 10-11, Page ID #217-218.  When questioned as to the reason for Moore's termination, Kaur testified "there were a lot of factors in play. It was just not one instance that – you know, unfortunately it happened this way that he was fired, but there were a lot of things leading up to it that we were thinking about firing him."  RE 10-2, Page ID #102.

### SUMMARY OF ARGUMENT

The *direct method of proof* applies when an employee's accommodation is rescinded, meaning, "the plaintiff must show (1) that he is an individual with a disability, and (2) that he is otherwise qualified for his job despite the disability '(a) without accommodation from the employer; (b) with an alleged 'essential' job requirement eliminated; or (c) with a proposed reasonable accommodation.'" *Hostettler v. College of Wooster*, 895 F.3d 844, 852 (6th Cir. 2018).  Here, Moore

has presented evidence that his accommodation was rescinded, and thus the district court should have applied the direct evidence test.

"In keeping with the remedial purposes of the ADAAA, '[t]he definition of disability' under the ADA 'shall be construed in favor of broad coverage,'" "because the primary concern of the ADA is 'whether covered entities have complied with their obligations and whether discrimination has occurred,' not whether an individual's impairment is a disability." *Hostettler v. College of Wooster*, 895 F.3d 844, 853-54 (6th Cir. 2018). Here, Moore submitted sufficient evidence to meet the lenient standard of establishing that he was disabled within the meaning of the ADA, and the district court erred in finding that he failed to meet this low burden.

Requesting an accommodation can be considered protected activity for purposes of a claim of retaliation in violation of the ADA. See *McDonald v. UAW-GM Center for Human Resources*, 738 Fed.Appx. 848, 855 (6th Cir. 2018). Here, Moore testified that he requested accommodations, thus engaging in protected activity covered under the ADA. Thus, the district court incorrectly concluded that Moore did not engage in any protected activity upon which he could assert claims of retaliation.

8

# ARGUMENT

## STANDARD OF REVIEW

This court's standard of review for the district court's grant of summary judgment is *de novo*. *Dews v. A.B. Dick Co.*, 231 F.3d 1016 (6th Cir. 2000). The moving party "bears the burden of *proving* that there are no genuine issues of material fact." *Phillips v. Roane County, Tenn.*, 534 F.3d 531, 538 (6th Cir. 2008).

The non-moving party must then "come forward with 'specific facts showing a genuine issue for trial.'" *Merriweather v. Zamora*, 569 F.3d 307, 313 (6th Cir. 2009. A court must review all facts and inferences in a light most favorable to the non-moving party. *Hall v. Spencer County, Ky.*, 583 F.3d 930, 933 (6th Cir. 2009).

An entry of summary judgment can be upheld only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). For a fact to be material, it must affect the outcome of the suit, as "[f]actual disputes that are irrelevant or unnecessary will not be counted." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). A genuine issue exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* Like the district court, this Court must view the entire record in a light most favorable to the

party opposing summary judgment and draw all reasonable inferences in that party's favor. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587–88 (1986).

## I.    THE DISTRICT COURT ERRED IN GRANTING SUMMARY JUDGMENT AS TO MOORE'S DISABILITY DISCRIMINATION CLAIMS

The *direct method of proof* applies when an employee's accommodation is rescinded, meaning, "the plaintiff must show (1) that he is an individual with a disability, and (2) that he is otherwise qualified for his job despite the disability '(a) without accommodation from the employer; (b) with an alleged 'essential' job requirement eliminated; or (c) with a proposed reasonable accommodation.'" *Hostettler v. College of Wooster*, 895 F.3d 844, 852 (6th Cir. 2018). The district court concluded that the direct test was inapplicable because it required an inferential leap to conclude that Moore was terminated because an accommodation was rescinded. However, just as in *Hostettler*, in this case, Defendant stated that there were several factors leading to Moore's termination, including his past disciplines for not completing specific duties. RE 10-2, Page ID #102. Further, Moore has testified that he was unable to complete those duties due to his disability. RE 10-1, Page ID #155. Moore has likewise testified that he was initially granted an accommodation of altered job duties by his supervisor, but they were revoked by Kings Inn leading to the issues

10

upon which he was reprimanded.  RE 10-1, Page ID #155.  Accordingly, like *Hostettler*

no inference is required here to conclude that Moore was terminated in part because of

his failure to complete duties which he alleges conflicted with his disability.  Thus, as

in *Hostettler*, the direct test should apply here.

There is no dispute that Moore was disciplined and terminated in part due to his

failure to complete job duties.  RE 10-2, Page ID #102.  As such, viewing these facts in

the light most favorable to the non-moving party, Moore, he has presented sufficient

evidence to sustain his claim of disability discrimination under the direct method.

Material issues of fact remain which preclude summary judgment, and the district

court's dismissal of these claims should be reversed.

## II.    THE DISTRICT COURT ERRED IN GRANTING SUMMARY JUDGMENT AS TO MOORE'S FAILURE TO ACCOMMODATE CLAIMS

The district court erred in finding that Moore did not have a disability.  RE 39,

Opinion and Order Granting Summary Judgment, Page ID #797-807.  The Sixth

Circuit has explained: "In keeping with the remedial purposes of the ADAAA, '[t]he

definition of disability' under the ADA 'shall be construed in favor of broad

coverage." 42 U.S.C. § 12102(4)(A). That is because the primary concern of the

ADA is "whether covered entities have complied with their obligations and whether

discrimination has occurred,' not whether an individual's impairment is a disability.

29 C.F.R. § 1630.2(j)(1)(iii)." *Hostettler v. College of Wooster*, 895 F.3d 844, 853-54 (6th Cir. 2018). "To determine whether a disability substantially limits major life activities, the regulations direct courts to compare the person claiming a disability to 'most people in the general population.' 29 C.F.R. § 1630.2(j)(1)(ii)." *Id.* Further, "'An impairment need not prevent, or significantly or severely restrict ... a major life activity' to be substantially limiting." *Id.* "Like the term 'major life activities,' '[t]he term 'substantially limits' shall be construed broadly in favor of expansive coverage' and 'is not meant to be a demanding standard.' 29 C.F.R. § 1630.2(j)(1)(i)." *Id.* Further, the Sixth Circuit has explicitly referred to this a "lenient standard." *Id.*

Thus, under this standard, in this case, Moore has presented sufficient evidence to be considered disabled for purposes of his claims. Indeed, he has provided testimony and submitted treatment records indicating that he suffers from a chronic back condition which limits his major life functions. RE 10-1, Page ID #158. Specifically, in a similar case, a Federal Court concluded: "The evidence cited above is sufficient for a reasonable juror to find that the plaintiff's scoliosis substantially limits his ability to perform the major life activities of bending and lifting." *Alleva v. Crown Linen Service, Inc.*, No. 3:14-CV-1971 (MPS), 2016 WL 4717758 *5 (D. Conn. Sep. 8, 2016). Accordingly, the court erred

12

when it found that Moore did not meet this lenient standard, and, as a result, the Court should reverse the district court dismissal of these claims.

Moreover, as explained above, the key question is whether the employer has complied with its obligations and discriminated against an employee. In this case, there is no dispute that Kings Inn did not make any attempt to engage in the interactive process with Moore, and, as such Kings Inn has failed to comply with its obligations under the ADA. Accordingly, the district court erred in granting summary judgment to Kings Inn on these claims.

## III.    THE DISTRICT COURT ERRED IN GRANTING SUMMARY JUDGMENT AS TO MOORE'S RETALIATION CLAIMS

The district court erred in finding that Moore did not engage in protected activity. As an initial matter, the Sixth Circuit has held that requesting an accommodation can be considered protected activity for purposes of a claim of retaliation in violation of the ADA. See *McDonald v. UAW-GM Center for Human Resources*, 738 Fed.Appx. 848, 855 (6th Cir. 2018). In this case, Moore testified that he requested accommodations from his manager at Kings Inn regarding activities that interfered with his disability. RE 10-1, Page ID #161-162. Further, there is no question that Kings Inn was aware of Moore's attempts to get assistance to accommodate his disability. In fact, Moore

13

was reprimanded for getting assistance from another employee to accommodate his disability because he was "killing productivity." RE 10-7, Page ID #212-213.

Thus, in this case, Moore has presented evidence that he requested an accommodation, constituting a protected activity. As such, the district court's conclusion that Moore could not sustain a claim of retaliation because he did not engage in protected activity was incorrect, and the Court should reverse the dismissal of this claim.

## CONCLUSION

Based on the foregoing, Moore respectfully requests that the district court's granting of summary judgment be reversed as to Counts VI-XI of Moore's Amended Complaint. Moore further requests that his case be remanded for jury trial.

Respectfully submitted,

*/s/ Trisha M. Breedlove*
Trisha Breedlove (0095852)
**THE SPITZ LAW FIRM, LLC**
1103 Schrock Road, Suite 307
Columbus, Ohio 43229
Phone: (614) 556-4811
Fax: (216) 291-5744
trisha.breedlove@spitzlawfirm.com

*Attorney for Appellant Demond Moore*

14

## **CERTIFICATE OF COMPLIANCE**

Pursuant to FRAP 32(g), Appellant hereby certifies that her Appellant Brief complies with FRAP 32(a)(7)(B)(i) and contains 3,026 words applicable to the word count.

## **CERTIFICATE OF SERVICE**

Appellant certifies that a copy of the foregoing Appellant Brief was filed electronically via the Court's Online ECF Filing System on April 11, 2025 and made available to all parties, including Appellees.

*/s/ Trisha M. Breedlove*
Trisha Breedlove (0095852)
**THE SPITZ LAW FIRM, LLC**

## ADDENDUM: DESIGNATION OF DOCUMENTS

1.    RE 3, First Amended Complaint, Page ID ## 93-109.

2.    RE 10-1, Deposition of Demond Moore, Page ID #140-171.

3.    RE 10-2, Deposition of Gaganpreet Kaur, Page ID #172-206.

4.    RE 10-4, February 8, 2021 Statement by Gini Kaur, Page ID #208.

5.    RE 10-6, February 9, 2021 Employee Discipline Form, Page ID #210.

6.    RE 10-7, March 10, 2021 Employee Write Up, Page ID #212-213.

7.    RE 10-8, March 13, 2021 Authorization For Light Duty, Page ID #214.

8.    RE 10-11, Nikki Williams Statement, Page ID #217-218.

9.    RE 11, Motion for Summary Judgment, Page ID ## 247–265.

10.   RE 12, Memorandum in Opposition to Defendant's Motion for Summary Judgment, Page ID ## 266-281.

11.   RE 15, Opinion and Order Granting Summary Judgment, Page ID ## 311-328.

12.   RE 20, Moore Notice of Appeal, Page ID #811.