**Case No. 24-4050**

---

IN THE UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT
_____

DEMOND MOORE
Plaintiff-Appellant,

v.

NEXT GENERATION HOSPITALITY LLC
Defendant-Appellee.
_____

On Appeal From The United States District Court for the Southern District of Ohio
Case No. 1:22-cv-00548, Judge Michael R. Barrett

---

**REPLY BRIEF FOR APPELLANT DEMOND MOORE**

---

*/s/ Trisha M. Breedlove*
_____
Trisha M. Breedlove (0095852)
**THE SPITZ LAW FIRM, LLC**
25825 Science Park Blvd., Ste. 200
Beachwood, OH  44122
Phone:    (216) 291-4744
Fax:        (216) 291-5744
Email:
trisha.breedlove@spitzlawfirm.com

*Attorney for Appellant Demond Moore*

i

# **TABLE OF CONTENTS**

**TABLE OF AUTHORITIES** ................................................................. **iii**

    **I.**    **MOORE PROVIDED SUFFICIENT EVIDENCE TO SUSTAIN HIS DISABILITY DISCRIMINATION CLAIMS**…………………………..**1**

    **II.**   **MOORE PROVIDED SUFFICIENT EVIDENCE TO ESTABLISH THAT HE WAS DISABLED**……………………………………………..**2**

   **III.**  **MOORE PROVIDED SUFFICIENT EVIDENCE TO ESTABLISH THAT HE ENGAGED IN PROTECTED ACTIVITY**………………**3**

**CONCLUSION**.................................................................................**3**

**CERTIFICATE OF COMPLIANCE** ................................................**5**

**CERTIFICATE OF SERVICE** ........................................................**5**

**ADDENDUM: DESIGNATION OF DOCUMENTS** ...........................................**6**

ii

# <u>TABLE OF AUTHORITIES</u>

**Case List**

*Alleva v. Crown Linen Service, Inc.,* No. 3:14-CV-1971 (MPS), 2016 WL 4717758 \*5

(D. Conn. Sep. 8, 2016)…………...……………………….…………..……...…......3

*Hostettler v. College of Wooster, 895 F.3d 844, 852 (6th Cir. 2018)*…..…...........1,2

*McDonald v. UAW-GM Center for Human Resources, 738 Fed.Appx. 848, 855 (6th*

*Cir. 2018)*..………………………………………………………..…...…...2

**Statutes**

42 U.S.C. § 12102(4)(A)………………………….……………………………...2

## I.   MOORE PROVIDED SUFFICIENT EVIDENCE TO SUSTAIN HIS DISABILITY DISCRIMINATION CLAIMS

For the same reasons explained in the Appellant Brief, Moore has set forth sufficient facts to establish his claim of disability discrimination.  The district court erred when it concluded that Moore could not satisfy his burden.  Opinion, RE 15, Page ID # 319-325.

As explained in the Appellant Brief, the direct test was applicable here because Appellee admitted that Moore's failure to complete some job duties, which Moore testified conflicted with his disability, led to his termination. Appellant Brief, Doc. 20, Page 10-11; RE 10-2, Page ID #102. Accordingly, similar to *Hostettler v. College of Wooster*, 895 F.3d 844, 852 (6th Cir. 2018), the direct test should have been applied in this case. Further, Moore testified that his initial accommodation was rescinded, which led to his reprimands for not completing specific tasks. RE 10-1, Page ID #159. Further, there is no dispute that Moore was disciplined and terminated in part due to his failure to complete job duties.  RE 10-2, Page ID #102. As such, no inferential leap is required here to show that Moore was terminated as a result of his accommodation being rescinded. Accordingly, under the direct method, Moore presented sufficient evidence to sustain his claim of disability discrimination.

Moreover, Appellee in its brief argues that Moore's only request for an accommodation was his request for light duty submitted shortly before his termination

1

and approved. Appellee Brief, Doc. 22, Page 23-24. However, Moore's testimony conflicts with this assertion. RE 10-1, Page ID #159. Likewise, the affidavit submitted by Moore's coworker, Rhonda Craddock, also conflicts with this assertion. Affidavit of Rhonda Craddock, RE 13-1, Page ID # 299. Thus, as demonstrated here, issues of material fact remain which preclude summary judgment. Accordingly, the district court's dismissal of these claims should be reversed.

## II.  MOORE PROVIDED SUFFICIENT EVIDENCE TO ESTABLISH THAT HE WAS DISABLED

For the same reasons explained in the Appellant Brief, Moore has set forth sufficient facts to establish his claim of failure to accommodate. Appellant Brief, Doc. 20, Page 11-13. As the Sixth Circuit has explained the definition of disability is to be construed broadly in favor of coverage. 42 U.S.C. § 12102(4)(A); *Hostettler v. College of Wooster*, 895 F.3d 844, 853-54 (6th Cir. 2018). In this case, Moore provided testimony and submitted treatment records indicating that he suffers from a chronic back condition which limits his major life functions. RE 10-1, Page ID #158. Under this broad standard, Moore has presented sufficient evidence to establish that he was disabled. Moreover, in a similar case, another Federal court concluded that an individual that suffered from scoliosis presented sufficient

evidence for a juror to conclude that he was disabled. *Alleva v. Crown Linen Service, Inc.*, No. 3:14-CV-1971 (MPS), 2016 WL 4717758 *5 (D. Conn. Sep. 8, 2016).

Further, contrary to Appellee's brief, Moore testified that he did indeed request accommodations from Appellee. Appellee Brief, Doc. 22, Page 32. In addition, Craddock's affidavit also corroborates Moore's testimony. RE 13-1, Page ID # 299. As such, at a minimum, a question of material fact remains here which precludes summary judgment. Accordingly, the district court's dismissal of these claims should be reversed.

## III.  MOORE PROVIDED SUFFICIENT EVIDENCE TO ESTABLISH THAT HE ENGAGED IN PROTECTED ACTIVITY

For the same reasons explained in the Appellant Brief, Moore has set forth sufficient facts to establish his claim of retaliation. Appellant Brief, Doc. 20, Page 19-20. Moore testified that he requested an accommodation from Appellee, a protected activity. RE 10-1, Page ID #161-162; See *McDonald v. UAW-GM Center for Human Resources*, 738 Fed.Appx. 848, 855 (6th Cir. 2018). Accordingly, the district court's ruling that Moore failed to identify any protected activity should be reversed. Opinion, RE 15, Page ID # 326-327.   Further, as set forth in Moore's Opposition to Defendant's Motion for Summary Judgment, Appellee failed to argue and carry its burden to demonstrate that it was entitled to summary judgment on his

retaliation claim in its Motion for Summary Judgment. RE 13, Memorandum in Opposition to Defendant's Motion for Summary Judgment, Page ID ## 288-289. At a minimum, the dismissal of this claim should be reversed because the issue was not briefed by the parties in the summary judgment pleadings and must be decided by the district court after such briefings.

## <u>CONCLUSION</u>

Based on the foregoing, Moore respectfully requests that the district court's granting of summary judgment be reversed as to Counts VI-XI of Moore's Amended Complaint. Moore further requests that his case be remanded for jury trial.

Respectfully submitted,

*/s/ Trisha M. Breedlove_____*
Trisha Breedlove (0095852)
**THE SPITZ LAW FIRM, LLC**
1103 Schrock Road, Suite 307
Columbus, Ohio 43229
Phone: (614) 556-4811
Fax: (216) 291-5744
trisha.breedlove@spitzlawfirm.com

*Attorney for Appellant Demond Moore*

4

## <u>CERTIFICATE OF COMPLIANCE</u>

Pursuant to FRAP 32(g), Appellant hereby certifies that his Appellant Reply Brief complies with FRAP 32(a)(7)(B)(i) and contains 789 words applicable to the word count.

## <u>CERTIFICATE OF SERVICE</u>

Appellant certifies that a copy of the foregoing Appellant Reply Brief was filed electronically via the Court's Online ECF Filing System on May 9, 2025 and made available to all parties, including Appellee.

*/s/ Trisha M. Breedlove*
Trisha Breedlove (0095852)
**THE SPITZ LAW FIRM, LLC**

## ADDENDUM: DESIGNATION OF DOCUMENTS

1.    Appellant Brief, Doc. 20, Page 1-16.

2.    Appellee Brief, Doc. 22, Page 1-40.

3.    RE 10-1, Deposition of Demond Moore, Page ID #140-171.

4.    RE 10-2, Deposition of Gaganpreet Kaur, Page ID #172-206.

5.    RE 12, Memorandum in Opposition to Defendant's Motion for Summary

Judgment, Page ID ## 283-298.

6.    RE 13-1, Affidavit of Rhonda Craddock, Page ID # 299.

7.    RE 15, Opinion and Order Granting Summary Judgment, Page ID # 319-

325.